## McCORMICK & CO. v. CAULEY.

### No. 16326.

Court of Appeal of Louisiana. Orleans.
June 22, 1936.

tion, and driven at the time by an employee acting within the scope of his employment, and a sedan owned by defendant and driven by his minor son. Defendant was seated in the rear of his car. The truck was on its way up Willow street, and the sedan was proceeding out Broadway on the lower side. The sedan struck the left side of the truck and almost turned it over. Plaintiff corporation alleges that the cost of repairing the truck was $165, and, charging that the accident resulted solely from the negligence of defendant's son, seeks judgment for that amount.

Defendant denies that there was any negligence on the part of his son, and, alleging that the sole cause of the collision was carelessness on the part of the driver of the plaintiff's truck, prays for judgment in reconvention for $132.50, which is set forth as the cost of making the necessary repairs to the sedan.

Each party claims that the operator of the other vehicle was negligent in the matter of speed and in failing to maintain a proper lookout for vehicles on the intersecting street, and each charges that the other vehicle violated the right of. way provisions of the applicable traffic ordinance of the city, to wit, 13702, C.C.S.

In the First city court of New Orleans there was judgment dismissing both the main demand and the claim in reconvention. Plaintiff has appealed, and defendant, plaintiff in reconvention, has answered the appeal.

There was a semaphore traffic signal on the corner, and it is conceded now by defendant that, as the truck on Willow Street was approaching the corner, the signal light facing it changed from amber to green as the truck reached a point about 100 or 150 feet from the light, and that the signal device continued to display the green light to the driver of the truck until the accident occurred, so that the truck, whatever the driver of defendant's car might have thought to the contrary, was entitled to the right of way. See paragraph a, section 3, article III, Ordinance No. 13702, C.C.S.

It is also established, however, that the signal device was at the time defective, in that the electric light bulb which should have shown through the red glass on that side, from which the sedan approached on Willow street, had burned out, so that, as the sedan approached, no light could be

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellee.

JANVIER, Judge.

This suit results from an automobile collision which occurred at the corner of Broadway and Willow streets in New Orleans at about 8 o'clock in the morning on August 27, 1934. The vehicles involved were a truck owned by plaintiff corpora-

seen by its driver. It is contended on behalf of defendant that his car was on a boulevard or through street, and that, since there was no light in operation which would have had the effect of depriving his vehicle of the right of way, his son was justified in assuming that all vehicles entering or crossing that through street or boulevard would come to a stop and would yield the right of way to his car.

■ Our attention is not directed to any portion of the ordinance which expressly names Broadway as a favored street nor to any portion which recognizes the right of way of all boulevards or through streets. We assume that defendant relies upon paragraph 2, section 8, article VI, of the Ordinance. But that paragraph does not give to vehicles on Broadway any preferential rights over vehicles on intersecting streets. It merely lists certain designated boulevards and "through streets," and grants superior rights to vehicles thereon, but Broadway is not to be found among those listed. It thus appears that, although defendant's son may have believed that he was entitled to the right of way at that intersection, there is no provision in the ordinance which justified that belief, and the evidence does not warrant the conclusion that his car had pre-empted the inter-. section by entering it before the truck of plaintiff did so. He would therefore not have been entitled to the right of way even if there had been no signal light showing in either direction because the truck, approaching from his right, was entitled to proceed. Paragraph a, section 10, article VI, reads as follows:

"Right of Way.

"(a) On all streets, except through streets, and boulevards, and at intersections of right-of-way streets with one another, all vehicles approaching intersecting streets from the left shall give right-of-way to vehicles approaching from the right."

The evidence as to the respective speeds at which the two vehicles approached is conflicting. Plaintiff's driver states that the speed of his truck as it entered the intersection was about 15 miles per hour, and the fact that it was brought to a full stop before it had completed the crossing of Broadway is indicative of moderate speed. But counsel for defendant argues that, since the driver of the truck admits

a speed of 15 miles per hour, it may be assumed that in truth he was driving at a higher rate, and that therefore his speed was unlawful because paragraph b, section 3, article V, of the cited ordinance, provides that, where the view of an operator of an automobile is obstructed, as at a so-called "blind corner," he shall not, within 50 feet of the corner, operate the vehicle at a speed in excess of 15 miles per hour.

■ It is suggested by counsel for plaintiff that that provision of the ordinance to which we have just referred, and which at "blind corners" prohibits a speed in excess of 15 miles an hour, has no application to corners which are protected by semaphore signal lights, and a most persuasive argument is made on this point. We need not, however, hold that the ordinance has no application on such corners, because we are convinced that, even if there was a technical law violation by the driver of the truck in the matter of speed, that violation was of no importance, and we feel that, in spite of it, the driver of the other vehicle had ample opportunity to avoid the collision had he been exercising due care and caution, and that, had he been properly on the alert, he would have seen the approaching truck as his father did when it was some 75 feet from the corner and when his own car was still about 45 or 50 feet away. We do not mean to say that, merely because the truck was entitled to the right of way, its driver was under no duty whatever to exercise caution, for, even where a vehicle is given the right of way by the traffic ordinance or by a signal light erected under authority of a traffic ordinance, such vehicle must be operated with ordinary care and cannot be permitted to be driven at an excessive speed or otherwise in violation of the dictates of safety. See Thomas v. Roberts, 144 So. 70, in which we expressed views to which we still adhere in spite of adverse criticism on page 463, volume 7, Tulane Law Review, a journal for which we have profound respect.

■ Nevertheless, we are convinced, as we have said, that, if plaintiff's driver violated the ordinance in the matter of speed, that violation was purely technical and was not a factor which contributed in causing the ensuing accident, and that the sole legal cause thereof was the fact that defendant's son, when he had ample opportunity to stop, did not do so. Whether he actually saw the other vehicle in time to stop is of no

moment. He should have seen it, and the doctrine of the last clear chance applies just as effectively against one who should see approaching danger but fails to look for it as it does against one who actually sees it and fails to avoid it. American Law Institute, Restatement of the Law of Torts, vol. 2, § 479.

The record shows that the amount claimed was the actual cost of making the necessary repairs to the truck.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended, and that there now be judgment in favor of plaintiff and against defendant in the full sum of $165, with legal interest from judicial demand until paid and for all costs.

It is further ordered that in all other respects the judgment be, and it is affirmed.

Amended and affirmed.