Bell, J.
 

 The record discloses the following facts. •
 

 The bus on which plaintiff was riding was traveling east on 9th street S. W. and the tractor-trailer was traveling north on Cleveland avenue S. W.9th street S. W. and Cleveland avenue S. W. are both duly dedicated highways in the city of Canton; 9th street runs in a general easterly and westerly direction and
 
 *168
 
 Cleveland avenue runs in a general northerly and southerly direction; these two streets intersect at right angles; Cleveland avenue is a part of state highways Nos. 8 and 62; 9th street is not part of the state-highway system; above the center of the intersection is a traffic signal light; when the traffic light shows-
 
 green
 
 it is a
 
 go signal
 
 for traffic facing the green light;; and when the light shows
 
 red
 
 it is a
 
 stop signal
 
 fox-traffic facing the red light.
 

 The traffic signal was out of repair as to traffic moving north on Cleveland avenue ixx that it did- not alternately direct traffic to proceed or to stop by exhibiting colored lights; it was in repair as to traffic xnoving east on 9th street, and alternately directed traffic to. proceed and to stop by the use of sigxxals exhibitixxgcolored lights.
 

 The bus was about 18 feet loxxg; the tractor-trailer was about 38 feet long.
 

 Each of the vehicles was oxx its right side of , the road; each vehicle was travelixxg at approximately the same speed, estimated somewhere betweexx 12 axxd 25 miles per hour.
 

 The tractor-trailer entered the intersection first, at that time there was no traffic signal in operation directing traffic moving north on Cleveland avenue. The bus entered the intersection on the
 
 green
 
 traffic signal which was directing traffic moving east on 9th street, and it struck the trailer between the front and rear wheels thereof; the collisioxx occurred almost directly beneath the traffic signal in the center of the intersection; the tractor-trailer was heavily loaded and the bus was crowded with passengers.
 

 At the time of the collision there was in full force and-effect a traffic ordinance of the city of Canton, Section 10 of which ordinaxxce reads as follows:
 

 “Section 10. Whenever traffic at an intersection is alternately directed to proceed and to stop by the use
 
 *169
 
 of signals exhibiting colored lights or the words ‘go,’ ‘caution’ or ‘wait’ and ‘stop’ said lights and terms shall indicate as follows, except as provided in Section 16:
 

 “ (a) Green and ‘go’ — Traffic facing the signal may proceed, except that vehicular traffic shall yield- the right of way to pedestrians and vehicles lawfully within a crosswalk or the intersection at the time such signal was exhibited.
 

 “(b) Combination of red and green, called ‘overlap,’ constitutes ‘caution’ or ‘wait,’ when shown following the green or ‘go’ — Traffic facing the signal shall stop before entering the intersection unless so close to the intersection that a stop cannot be made in safety.
 

 “(c) Red or ‘stop’ — Traffic facing the signal shall stop before entering the intersection and remain standing until green or ‘go’ is shown alone.”
 

 Upon this state of facts the court charged the jury' that the driver of the bus had the right of way. The exact language used will be noted later.
 

 The only claims argued in this case are two errors in connection with this part of the charge,
 
 vis.:
 

 First. That the court erroneously charged the jury that the driver of the Canton City Lines ~bus had the right of way.
 

 Second. That the court erroneously charged the jury that the defendant was unlawfully within the intersection.
 

 It should be observed that this cause arose prior to the passage of the Uniform Traffic Act (119 Ohio Laws, 766, Sections 6307-1 to 6307-110, General Code), and is not governed by the provisions of that act.
 

 Section 6310-28, General Code (110 Ohio Laws, 135), in force at that time, read as follows:
 

 “ ‘Right of way’ means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another
 
 *170
 
 vehicle approaching from a different direction into its path.”
 

 Section 6310-28a, General Code (110 Ohio. Laws, 135), in force at that time, read as follows:
 

 “Excepting where otherwise hereinafter provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right.”
 

 Keeping in mind that the tractor-trailer was traveling north and the bus was traveling east, the tractor-trailer was the vehicle to the right and by the provisions of Section 6310-28a, General Code, in the absence of a traffic signal light, would have the right of way.
 

 Section 6310-35, General Code (112 Ohio Laws, 483), in force at that time, read as follows:
 

 “Pedestrians and drivers of vehicles shall obey and abide by all signals, signs, whistles and directions of 'police officers, and shall obey all automatic traffic signals.”
 

 Section 10 of the ordinance which was introduced in evidence, heretofore set forth, makes its provisions effective upon certain conditions and provides in part:
 

 “Whenever traffic at an intersection is alternately directed to proceed and to stop by the use of signals exhibiting colored lights
 
 or the words ‘go’, ‘caution’ or ‘wait’ and ‘stop’ said lights and terms shall indicate as follows, except as provided in Section 16.”
 

 Was the defendant guilty of a violation of Section 6310-35, General Code, or the ordinance f
 

 It is undisputed that the traffic signal was not in operation as to traffic moving north on Cleveland avenue at the time the tractor-trailer entered the intersection.
 

 We think therefore that the ordinance did not apply to the movement of the tractor-trailer.
 

 • The Supreme Court of California in
 
 Brown
 
 v.
 
 Regan,
 
 10 Cal. (2d), 519, 75 P. (2d), 1063, was called upon to pass upon a similar question.
 

 
 *171
 
 The statute construed in that case reads:
 

 “At
 
 intersections where traffic is
 
 controlled
 
 by traffic control signals * * # pedestrians shall not cross the roadway against a red or stop signal, and between adjacent intersections so controlled shall not cross at any place, except in a marked or unmarked crosswalk. ’r (Italics ours.)
 

 The opinion, after quoting the statute, states:
 

 “Appellant interprets said section as holding that the mere erection of traffic control signals at any given intersection requires pedestrians to cross only at crosswalks. The language of said section does not support this contention. • It makes it a violation of the act to cross against a red signal ‘where traffic is controlled by traffic control signals, ’ and unlawful to cross except at a crosswalk ‘between adjacent intersection so controlled.’ An intersection is not controlled within the meaning of this section when signals at the intersection are not in actual operation.”
 

 The traffic signal in the intersection, although not operating, was a warning to approaching traffic.
 

 We conclude, therefore, that the vehicle on the main thoroughfare having entered the intersection first and from the right of the vehicle on the intersecting street, was rightfully in the intersection in the absence of a traffic signal light requiring such vehicle to stop.
 

 The vehicle traveling on the intersecting street entered the intersection by virtue of the green light. Such vehicle therefore was also rightfully in the intersection.
 

 Under these facts neither vehicle had an absolute right. Each vehicle being rightfully in the intersection, each had equal rights, and the driver of each was bound to exercise ordinary care. See
 
 Cleveland Ry. Co.
 
 v.
 
 Goldman, a Minor,
 
 122 Ohio St., 73, 170 N. E., 641.
 

 The
 
 Goldman case, supra,
 
 involved a motor vehicle and a pedestrian but the principle there announced
 
 *172
 
 applies with equal force to two motor vehicles both rightfully in the intersection.
 
 Martinovich
 
 v.
 
 E. R. Jones Co.,
 
 135 Ohio St., 137, 19 N. E. (2d), 952.
 

 The Court of Appeals of Louisiana in the case of
 
 Capillon
 
 v.
 
 Lengsfield,
 
 171 So., 194, held that even though a motorist was entitled to cross an intersection when the signal light changed to green, such motorist did not have the right to proceed ahead of traffic already rightfully in the intersection and was not justified in assuming that the intersection was clear.
 

 The facts in the
 
 Capillon case, supra,
 
 are closely analogous to the facts in the instant case.
 

 The Supreme Court of Alabama in
 
 Duke
 
 v.
 
 Gaines,
 
 224 Ala., 519, 140 So., 600, held:
 

 “Automobile driver may not, ordinarily, assume that intersection is clear, simply because of appearance of green traffic signal light.”
 

 Our attention has been directed to the case of
 
 McCormick & Co.
 
 v.
 
 Cauley,
 
 168 So., 783, decided by the Court of Appeals of Louisiana. This decision we think is in conflict with the decision in the
 
 Capillon case, supra.
 

 The holding of the court in the
 
 McCormick case, supra,
 
 sustained the charge of the court in the instant case, but we do not agree with the conclusion reached. In our view it is contrary to the weight of authority.
 

 Reverting to that part of the charge complained of, it reads:
 

 “The court says to you that
 
 the driver of the bus had the right of way to proceed across Cleveland avenue, upon the traffic light which faced him, turning green;
 
 but he was required to use ordinary care to avoid colliding with other traffic in this same intersection of Cleveland avenue and 9th street S. W.,
 
 if the other traffic was lawfully within such intersection;
 
 and with the keeping in mind that the charge, which the court has already given to you, that
 
 this driver of the
 
 
 *173
 

 bus had the right of way under those conditions,
 
 the court further charges you that
 
 the driver of the bus approaching this intersection at which this traffic light was located, and the traffic- light facing the driver of the bus, showing green,
 
 (if you find that the plaintiff has shown by a preponderance of the evidence that it did show green, facing the driver of the bus),
 
 the driver of the bus was entitled to the right of ivay over the truck approaching on the intersecting street, notwithstanding that, because the electric light bulb in the signal had burned out, the driver of the truck could see no red light as he approached this intersection.
 

 “Under the system of traffic regulation by lights, with the green light as a ‘go’ signal and a red light as a ‘stop’ signal, a motor vehicle which enters an intersection lawfully is entitled to continue until it clears the intersection even though the light controlling his movements has changed to ‘red’ before he completes the crossing, and traffic approaching from intersecting streets awaiting the change of lights, must first ascertain whether the intersection is clear before starting' across, but the traffic so approaching has the right to
 
 assume
 
 — the
 
 driver of the bus has the right to assume that the other traffic is complying with the law.”
 
 (The above italics are ours.)
 

 We are of opinion that this part of the charge was prejudicially erroneous in three particulars.
 

 First.
 
 The court instructed the jury on three occasions that the bus had the right of way.
 

 Second.
 
 In failing to explain what was meant by the phrase “if the other traffic was lawfully within such intersection.”
 

 .We do not agree with the contention of appellant that this phrase
 
 (if the other traffic was lawfully within such intersection)
 
 charged that the tractor-trailer was not lawfully in the intersection. In the absence of any explanation of that phrase the jury could have in
 
 *174
 
 ferred that the tractor-trailer was not lawfully within the intersection.
 

 Third.
 
 In stating that
 
 “the driver of the bus was entitled to the right of way
 
 over the truck approaching on the intersecting street,
 
 notwithstanding that
 
 because the electric light bulb in the signal had burned out,
 
 the driver of the •truck could see no red light as he approached this
 
 intersection.”
 

 This was equivalent to a statement that the driver of the tractor-trailer was guilty of the violation of the ordinance, even though traffic moving north on Cleveland avenue was not being directed by the traffic signal.
 

 For these errors the judgment must be reversed.
 

 The appellant claims that the ordinance of the city of Canton was improperly admitted in evidence. With this contention we are unable to agree.
 

 The jury, in determining whether the defendant was guilty of negligence, was entitled to know the rights of each vehicle at the time of the collision.
 

 The ordinance defined the rights of a vehicle at any intersection where traffic was controlled by traffic light signals. The bus was admittedly so controlled and the ordinance was properly admitted.
 

 We have discussed this last question for the reason that upon a retrial of this case the admissibility of this ordinance will again be before the trial court for determination.
 

 We are. of opinion that the judgment of the Court of Appeals should be, and it hereby is reversed and the cause is remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 Williams and Turner, JJ., dissent.