Zimmeemak, J.,
dissenting. I concur in the second paragraph of the syllabus but dissent from the first paragraph thereof and from the judgment.
It is apparent from a reading of that part of the majority opinion dealing with the facts that the street intersection in issue was complicated and confusing. The width of that intersection and the arrangement of the electric traffic lights were such that both the buses which collided could have entered the intersection on a traffic light which was green as to them.
The only two witnesses who testified as to the collision and the events immediately preceding it were the drivers of the respective buses, and each made the positive declaration that he entered the intersection on a light which was green as to him. There was no direct evidence that the driver of plaintiff’s bus did not enter the intersection on a “green” light.
In such a situation, what was the trial judge to do? We think he proceeded correctly in following the cases of Welch, a Minor, v. Canton City Lines, Inc., 142 Ohio St., 166, 50 N. E. (2d), 343, and Beers v. Zettelmeyer, Jr., a Minor, 155 Ohio St., 520, 99 N. E. (2d), 655, and telling the jury in substance that, where two vehicles traveling in different directions each enter a street intersection on a traffic signal which is “green” or “go” as to them, both vehicles are then lawfully in the intersection, and the drivers thereof have equal rights and each must exercise ordinary care to avoid a collision.
In my opinion the charge, as requested by defendant under subdivision (a) 2 of Section 6307-13, General Code (subdivision (A) (2) of Section 4511.13, Revised Code), on the “right of way” of defendant’s bus was inappropriate and irrelevant in the light of the evidence actually before the court, and such requested charge was, therefore, properly refused. A charge of that sort could well have led the jury into a speculative venture outside the evidence.
*324 The Court of Appeals unanimously affirmed the judgment of the trial court, and I agree with that determination.
Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.