HUDSON ET AL., APPELLANTS, *v.* ANDERSON CONCRETE CO. ET AL., APPELLEES.

(No. 81AP-771—Decided September 23, 1982.)

*Messrs. Wolske & Blue, Mr. Richard C. Blower* and *Mr. Gerald S. Leeseberg,* for appellants.

*Mr. Michael M. Haran* and *Mr. James P. Flood,* for appellees.

MOYER, J. This matter is before us on plaintiffs-appellants' appeal from a judgment of the Court of Common Pleas of Franklin County sustaining defendants' motion for a directed verdict at the end of plaintiffs-appellants' opening statement.

Plaintiffs stated in their opening statement that Elvira Hudson (plaintiff) was traveling southbound on Hamilton Road in the right lane of the four-lane highway; that, when the light changed at the intersection to the north of the East Fifth Avenue-Hamilton Road intersection, she proceeded south on Hamilton Road in the right lane and noticed the driver of a car on her left move into the right lane and proceed in front of her as she traveled toward the East Fifth Avenue-Hamilton Road intersection; that the intersection of East Fifth Avenue and Hamilton Road is a T-intersection with Fifth Avenue dead-ending into Hamilton Road; that the Anderson Concrete plant is on the east side of the intersection with a private drive entering the intersection at the traffic light.

Counsel for plaintiffs further stated that as plaintiff approached the East Fifth Avenue-Hamilton Road intersection, she noticed that the traffic light for her lane turned from red to green and that the car, which had previously passed her on the left and which was about three car lengths in front of her, went through the intersection with its brake lights unlit; that, as she traveled through the intersection at approximately thirty to forty miles per hour, a truck approaching from Anderson Concrete moved into her lane of travel; that she did not notice the truck until immediately before her impact with defendants' truck because a large fifty-foot semi-tractor trailer waiting to turn left into the Anderson lot was in the left lane of the southbound traffic on Hamilton Road. Plaintiffs' car slid underneath the bumper of the cement truck, with its windshield against the bumper.

Counsel further admitted that defendants' truck entered the intersection with the green light for east and west bound traffic; and stated that defendant Slaughter (Slaughter) stopped about ten feet into the intersection to yield to some cars that were turning left from Fifth Avenue north onto Hamilton Road; that the light for Slaughter changed from green to red and that defendants' truck continued through the intersection striking plaintiff's car.

Plaintiffs raise the following assignment of error in support of their appeal:

"The trial court erred in sustaining defendants' motion for a directed verdict on the issue of liability."

The judgment entry of the trial court indicates that the judgment is based upon the admission in plaintiffs' opening statement that defendant had entered the intersection on a green light, that plaintiff could not see defendant because of other traffic and that plaintiff entered the intersection on a green light after defendant was lawfully within the intersection. The trial court's judgment is clearly based upon its application of R.C. 4511.13 to plaintiffs' opening statement.

Under Civ. R. 50(A)(4), the trial court may sustain a motion for directed verdict only if it finds that, by construing the evidence most strongly in favor of the party against whom the motion is directed, reasonable minds could come to only one conclusion upon any determinative issue and that conclusion is adverse to the party against whom the motion is made. If the motion is made after an opening statement, the trial court must liberally construe the statement in favor of the party against whom the motion for directed verdict has been made. *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223 [70 O.O.2d 424], paragraph one of the syllabus.

The trial court read R.C. 4511.13 as giving defendant in this case an absolute right-of-way to proceed through the intersection because he entered the intersection on a green light. By giving the statute such an interpretation, the trial court erred to the prejudice of plaintiffs. The relevant provision of R.C. 4511.13 provides as follows:

"(A)   Green indication:

"(1)   Vehicular traffic, streetcars, and trackless trolleys facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, streetcars, and trackless trolleys, including vehicles, streetcars, and trackless trolleys turning right or left, shall yield the right-of-way to other vehicles, streetcars, trackless trolleys, and pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

Immediately preceding the accident between plaintiffs' car and defendants' truck, Slaughter was "lawfully within the intersection" when the traffic control signal changed giving plaintiff the apparent right-of-way to enter the intersection.[1]

In the case of *Indianapolis & Southeastern Trailways, Inc.* v. *Cincinnati Street Ry. Co.* (1957), 166 Ohio St. 310 [2 O.O.2d 223], the Supreme Court interpreted R.C. 4511.13 as it was effective prior to the version of the statute that applies to this case. The only material dissimilarity in the statute is that the earlier version of the statute contained the following paragraph:

"(G)   Any traffic lawfully upon the roadway within an intersection at the time a traffic control signal changes may continue cautiously through the intersection with due regard for the safety and rights of all persons using the roadway."

However, in its opinion in *Trailways,* the Supreme Court did not rely upon paragraph (G). In *Trailways* there was evidence that a bus owned by defendant and another bus owned by plaintiff both had entered an intersection on a green light. The defendant requested the trial court to give the following special charge to supplement its general charge with respect to the duty of the parties at the intersection:

" 'Mr. Beirne:   With reference to the second sentence in that section on the traffic lights which Your Honor has ruled on in the special charges, I want the record to show a request by the defendant to supplement the charge to the effect that if they find the defendant's bus was lawfully in the intersection at the time the light for the plaintiff's bus was exhibited, it was the duty of the plaintiff's driver to yield the right of way to the defendant's bus, subject to the duty of both drivers to exercise ordinary care to avoid a collision.' " (*Trailways,* at 316.)

In holding that the special charge should have been given, the Supreme Court stated in paragraph one of its syllabus:

"Where traffic at the intersection of two or more public highways is controlled by a traffic-control signal light as defined by Section 4511.13, Revised Code, traffic which enters such intersection with the 'green' or 'go' signal has the right of way over traffic thereafter entering the intersection on the change of the signal to green for cross traffic to proceed. Such preferential right is the right of such traffic to continue through the intersection in a lawful manner after the traffic signal has changed for cross traffic, and such cross traffic must yield the right of way thereto. In the exercise of this right and in complying with the duty thus imposed, the drivers involved in such traffic must

---

[1] For purposes of this opinion, we assume that Slaughter was "lawfully" in an "intersection" since no issue was raised in the trial court as to the applicability and effect of R.C. 4511.44 or R.C. 4511.01(KK).

at all times be in the exercise of due care under the circumstances. (*Welch, a Minor,* v. *Canton City Lines, Inc.,* 142 Ohio St., 166 [26 O.O. 390], and *Beers* v. *Zettelmeyer, Jr., a Minor,* 155 Ohio St., 520 [44 O.O. 464], distinguished.)"

The court in its opinion made the following observation:

"The statute requiring one entering an intersection upon the change of the signal to 'green' or 'go' to yield the right of way to traffic then lawfully in the intersection does not mean that those having the preferential right can disregard the duty of exercising ordinary care under the circumstances. Also, the duty to yield the right of way, if the facts require it, is measured in terms of exercising ordinary care under the circumstances. This was the extent of the charge given before argument in the *Zettelmeyer case,* and as given was a correct statement of the law on that question. This, in fact, is the extent of the holding in that case. It is not in conflict with the case at bar. The court did not, by giving such charge, deprive one accorded the right of way as defined by the statute of the benefits thus bestowed. Where he drives into the intersection lawfully, such street user is accorded the right to move forward in the exercise of ordinary care in preference to traffic thereafter entering the intersection because of the change in the signal light. Ordinary care for such last-mentioned traffic also includes the need in the exercise of ordinary care to afford the preferential right to traffic lawfully there. * * *" (*Trailways,* at 321-322.)

We hold that the standard stated by the Supreme Court in *Indianapolis & Southeastern Trailways, Inc.* v. *Cincinnati Street Ry. Co., supra,* is the standard to be applied to the facts in the case before us. It follows that a jury could determine that defendant, having apparently entered the intersection on a green light before plaintiff entered the intersection, may not have exercised ordinary care to avoid injury by proceeding into plaintiff's car. A jury could find that Slaughter knew plaintiff could not see his truck because another truck was blocking her view, and that Slaughter also knew that traffic was moving through the intersection from north to south if plaintiff's statement that she followed another car through the intersection on a green light is believed. To be sure, Slaughter had a preferential right to proceed through the intersection because he apparently entered the intersection lawfully on a green light. But the trial court erred by interpreting R.C. 4511.13 to mean that defendant Slaughter, having entered the intersection on a green light, could then proceed through the intersection without regard to any other traffic or pedestrians in the intersection or, in other words, without exercising ordinary care. Because reasonable minds could come to more than one conclusion upon plaintiffs' opening statement, the trial court erred to the prejudice of plaintiffs, and the assignment of error is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and NORRIS, J., concur.