Deming, Appellee, *v.* Osinski, Appellant.

[Cite as Deming v. Osinski (1970), 24 Ohio St. 2d 179.]

(No. 69-821—Decided December 30, 1970.)

180

*Mr. Leonard Saltzer,* for appellee.

*Messrs. Thrasher, Dinsmore, Dolan & Svete* and *Mr. James W. Dinsmore,* for appellant.

*Per Curiam.* The issue raised by this appeal is whether, as a matter of law, the trial court properly instructed the jury on contributory negligence. We think that it did not.

The pertinent statutory provisions are R. C. 4511.42 and 4511.01. R. C. 4511.42 states:

"The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction."

R. C. 4511.01 (TT) states:

" 'Right of way' means the right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or his path."

In ruling upon the plaintiff's motions for judgment notwithstanding the verdict and new trial, the trial judge stated:

"Ordinarily one need not look for danger unless there is the reason to expect it. Plaintiff was entering a large, moderately-heavy-traffic intersection. Defendant had her signal lights on and was in the turning lane. Plaintiff is required to look, look effectively and continue to look and otherwise remain alert. This is particularly so when defendant's intention to turn was unmistakable. If he did not do so, he could be held contributorily negligent."

Such a requirement that plaintiff "look, look effectively and continue to look and otherwise remain alert" completely ignores our decision in *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147. Although the situation in *Morris* involved the requirement of a vehicle to yield the right of way at a highway intersection to a vehicle approaching from the right, the same reasoning employed in that decision is applicable to the present case.

The syllabus of *Morris* states:

"1. Sections 6310-28 and 6310-28*a*, General Code, are cognate sections, pertaining to the right of way at highway intersections, and should be together construed. One section requires the operator of a vehicle to yield the right of way at highway intersections to a vehicle approaching from the right, and the other defines 'right of way' as the right 'to proceed uninterruptedly *in a lawful manner in the direction in which it is moving*' in preference to another vehicle approaching into its path from a different direction. Construed together these sections confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed *in a lawful manner*.

"2. The expressions and implications contained in the cases of *Heidle* v. *Baldwin*, 118 Ohio St. 375, and *Geo. Ast Candy Co.* v. *Kling,* 121 Ohio St. 362, by denying the vehicle approaching from the right its statutory privilege of proceeding uninterruptedly if it proceeds in a lawful manner, and by placing the drivers of both vehicles upon an equal plane in approaching an intersection and relegating both to the rules of care existing at common law, entirely ignore the preferential status of the vehicle approaching from the right and the servient status of the other vehicle. (*Heidle* v. *Baldwin*, 118 Ohio St. 375, and *Geo. Ast. Candy Co.* v. *Kling,* 121 Ohio St. 362, are disapproved and overruled.)

"3. The phrase 'in a lawful manner,' found in Section 6310-28, General Code, is a *sine qua non* obligation placed upon the vehicle upon which the right of way is conferred.

If such vehicle is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law.

''* * *

''5. The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation.''

There is nothing in the record to indicate that as the plaintiff entered the intersection and was proceeding through it, he acted in an unlawful manner.

Reaffirming the position which we took in *Morris*, this court holds that the trial court erred, as a matter of law, by its instructions to the jury on contributory negligence. Therefore, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HOLMES, STERN and LEACH, JJ., concur.

HERBERT and DUNCAN, JJ., dissent.

HOLMES, J., of the Tenth Appellate District, sitting for CORRIGAN, J.