**LUMAYE et al., Appellants,**

v.

**JOHNSON, Admr., et al., Appellees.**

[Cite as *Lumaye v. Johnson* (1992), 80 Ohio App.3d 141.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1080.

Decided May 19, 1992.

*McCarthy, Palmer, Volkema & Becker* and *Robert G. Palmer,* for appellants.

*John C. Nemeth & Assoc.* and *Joseph A. Butauski,* for appellee Cynthia Davis.

---

PETREE, Judge.

Plaintiffs Gregory B. Lumaye, Joseph N. Lumaye, and Elva M. Lumaye appeal from the Franklin County Court of Common Pleas where a jury found in favor of defendant Cynthia Davis in this negligence action. Plaintiffs present three errors for review:

"I. Whether a motorist with the right of way has a duty of due care to observe and to avoid a collision when approaching and passing through an intersection?

"II. Whether it was prejudicial to allow testimony in a negligence action that the defendant did not do anything 'unlawful' for which she could be cited in violation of traffic laws?

"III. Whether incorrect jury instructions, taken as a whole, probably misled the jury?"

On the night of June 18, 1989, plaintiff Gregory B. Lumaye was riding as a passenger in a car driven by defendant. They were travelling southbound on State Route 4, within the posted speed limit, at about fifty-five m.p.h. It was a clear, dry, and dark night. Around 10:40 p.m., defendant approached the intersection of State Route 4 and Route 162. At the intersection, Route 4 is a through highway with no traffic controls on it except lane markings. There,

defendant's vehicle was struck by an eastbound pickup truck that ran a posted stop sign on Route 162. The vehicles collided in their respective lanes of travel. No skid marks were found on the road.

Though no one involved in the accident has any memory of the collision itself, it appears that the pickup truck, which was also travelling at about fifty-five m.p.h., simply failed to stop at the posted stop sign and struck defendant's car in the intersection. Plaintiffs' accident reconstructionist testified that defendant had an unobstructed view of rural Route 162 from about four hundred feet. Thus, defendant had less than five seconds from that point to see the headlights of the truck (if any were on), to perceive that the truck was not going to stop, and then to react with evasive measures. Plaintiffs' expert testified that defendant should have seen the pickup truck and braked. Because the truck was travelling so fast, plaintiffs' expert concluded that any effective braking would have simply slowed down defendant's car, causing it to arrive at the intersection after the truck went through. Hence, it was argued in the trial court that defendant could have avoided the collision but negligently failed to do so.

 Plaintiffs' first and third assignments of error present the major issue in this appeal. Plaintiffs contend that a motorist with the right of way at an intersection has a duty to exercise ordinary care to observe approaching vehicles and to avoid impending collisions. Plaintiffs maintain that the trial court committed prejudicial error by failing to clearly instruct the jury in this regard.

R.C. 4511.01(UU)(1) defines the right of way of through traffic as follows:

"The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path[.]"

In the landmark case of *Morris v. Bloomgren* (1933), 127 Ohio St. 147, 187 N.E. 2, the Supreme Court of Ohio interpreted a former version of the current right-of-way statute. After overruling several prior cases which had imported a common-law duty of care at intersections under this provision, the court formulated the following rule at paragraph five of the syllabus:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

In *Timmons v. Russomano* (1968), 14 Ohio St.2d 124, 43 O.O.2d 186, 236 N.E.2d 665, the court followed the *Morris* case and further defined the rights of the driver with the right of way. The court wrote in paragraph one of the syllabus:

"Under Ohio law, the driver of a motor vehicle proceeding over a through street in a lawful manner has the absolute right of way over a vehicle on an intersecting stop street, and the driver on the through street may ordinarily assume that such right of way will be respected and observed by the driver of the vehicle on the intersecting stop street."

In *Deming v. Osinski* (1970), 24 Ohio St.2d 179, 53 O.O.2d 387, 265 N.E.2d 554, the court revisited the issue in a case involving a motorcycle travelling through a green light that was struck by a car turning left into the intersection. Just prior to entering the intersection on the green light, the driver of the motorcycle glanced up at a friend working at a gas station across the street and then looked at the station's clock to check the time. When the driver looked back at the intersection, it was too late to avoid a collision with the approaching car. In a *per curiam* opinion, the court quoted the syllabus of the *Morris* case and reversed the judgment of the trial court, which had instructed that the motorcycle driver, notwithstanding the right of way, had to " * * * 'look, look effectively and continue to look and otherwise remain alert' * * *." *Id.* at 181, 53 O.O.2d at 389, 265 N.E.2d at 555.[1]

Here, plaintiffs submitted proposed jury instructions to the court which contained, among other things, a duty-to-look instruction. Defendant submitted her own instructions based on 2 Ohio Jury Instructions (1991), Section 225.41, which does not contain any such duty-to-look language. After great debate in the trial court, the court added plaintiffs' duty-of-care instruction to the Ohio Jury Instructions and charged the jury accordingly. Unfortunately, this resulted in some erroneous and conflicting language. Specifically, after extensive instructions on the right of way, the court instructed on the rights of the preferred party as follows:

"The rights of the preferred party or the party with the right of way are as follows: The driver of a motor vehicle who has the right of way has the right to travel uninterruptedly in a lawful manner. He or she has the right to rely upon his preferred status and to assume in the absence of notice or knowledge

---

1. Despite these holdings, plaintiffs rely on dicta in Tenth District Court of Appeals cases to support their theory that a driver with the right of way has a duty of care to look for drivers violating the right of way. See *Hubner v. Sigall* (1988), 47 Ohio App.3d 15, 17, 546 N.E.2d 1337, 1339 (all motorists have a duty to observe the environment in which they drive, not only in front of their vehicle, but to the sides and rear as the circumstances may warrant). See, also, *Woods v. Columbus* (1985), 23 Ohio App.3d 163, 23 OBR 406, 492 N.E.2d 466 and *Hudson v. Anderson Concrete Co.* (1982), 7 Ohio App.3d 41, 7 OBR 45, 453 N.E.2d 1289.

to the contrary that others will obey the law by stopping or yielding the right of way to him or by not entering his path of traffic."

Just after this, the court charged that:

"All motorists including those with the right of way must exercise ordinary care by driving appropriately when they are aware or when they *should have become aware* of a perilous situation." (Emphasis added.)

In light of the holdings of the Supreme Court of Ohio discussed above, the trial court did not err in failing to give plaintiffs' duty-to-look instruction. However, the trial court did err in giving plaintiffs' duty-of-care instruction, which implies that defendant had a duty to look for drivers violating defendant's right of way. Nevertheless, we cannot accept plaintiffs' argument for reversal on account of this erroneous instruction.

A complaining party will not be permitted to take advantage of invited error. *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus. Hence, a reviewing court will not reverse a judgment of the trial court for an erroneous instruction given to the jury at the insistence of the complaining party. *Id.* at paragraph two of the syllabus. Here, the charge given contained erroneous language favorable to plaintiffs which plaintiffs themselves requested. Indeed, we cannot see how plaintiffs can claim prejudice in this case by virtue of such error.

Accordingly, plaintiffs' first and third assignments of error are not well taken.

Plaintiffs' second assignment of error relates to the testimony of a State Highway Patrol trooper who observed the scene about thirty minutes after the accident occurred. Defense counsel asked the trooper if his " * * * investigation [revealed] whether [defendant] was doing anything unlawfully when she entered that intersection?" The trooper responded in the negative.

Plaintiffs' objection to this testimony was based on their theory that proceeding "unlawfully" under R.C. 4511.01(UU) is not limited to violations of traffic laws. Plaintiffs contend that proceeding "unlawfully," which forfeits the right of way, can also mean proceeding without the exercise of due care by failing to look effectively at an intersection.

As we said above, a driver with the right of way does not have a duty to look for and yield to drivers violating the right of way at an intersecting stop. But, even assuming for purposes of argument that plaintiffs' construction of the statute was correct, we cannot see how plaintiffs could be prejudiced. Defense counsel's question was framed in such a way that the trooper's answer was not probative of whether he felt that defendant was proceeding lawfully. His negative answer simply communicated that his investigation did

146

not reveal whether defendant was doing anything, either lawful or unlawful, when defendant entered the intersection. Moreover, plaintiffs exacerbated the alleged problem on cross-examination by asking the trooper what he understood "unlawfully" to mean. Plaintiffs did not request a curative instruction. Later, when defense counsel asked plaintiffs' expert, a former police department accident reconstructionist, about whether he would have cited defendant after this accident, the court gave a curative instruction, telling the jury to disregard the question about traffic citations.

Given the record before us, we do not find that plaintiffs were prejudiced. Hence, plaintiffs' second assignment of error is not well taken.

For the foregoing reasons, plaintiffs' assignments of error are overruled and the judgment of trial court is affirmed.

*Judgment affirmed.*

Bowman and Tyack, JJ., concur.