OPINION
Plaintiff-appellant, James Higgins, individually and as executor of the estate of Linda Meinhardt Higgins, deceased, appeals a decision of the Clinton County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Joy D. Bennett, KFS, Inc., and Larry Bowles. For the reasons that follow, we affirm.
On August 9, 1995, around 4:45 p.m., Linda Meinhardt Higgins ("Higgins") walked north from her driveway across State Route 73 to retrieve the mail from her mailbox on the other side of the road. Meanwhile, appellee Larry Bowles ("Bowles") was driving a semi tractor-trailer ("semi") westbound on State Route 73. He was approximately one-fourth of a mile away from Higgins when he noticed her standing on the right side of the road at the mailbox. Upon seeing Higgins, Bowles slightly decelerated the semi.
Bowles stated that he watched Higgins leave her mailbox and enter into the westbound lane of State Route 73. According to Bowles, Higgins continued to look at her mail as she walked onto the roadway. When Higgins looked up from her mail, she looked only eastward where she made eye contact with Bowles. In his deposition testimony, Bowles stated that they continued to maintain eye contact with each other "kind of like we was [sic] going to wave at each other" as Higgins safely walked across the westbound lane and crossed over the centerline. Bowles stated that Higgins never looked westward to check the eastbound lane for traffic.
Seconds after Higgins crossed the centerline, an eastbound vehicle driven by appellee, Joy D. Bennett ("Bennett"), struck Higgins. The impact occurred at the vehicle's left front quarter-panel and turn signal. The force of the impact propelled Higgins into the westbound lane where she immediately collided with the front of the semi driven by Bowles. The two impacts occurred almost instantaneously. At the scene of the accident, the Clinton County Coroner pronounced Higgins deceased.
In her deposition testimony, Bennett stated that she was traveling in her 1986 Mercedes at or around the speed limit of fifty-five m.p.h. at the time of accident. She testified further that she saw Higgins only a split second before the accident. As such, she did not apply brakes or take any evasive action before the accident.
Appellant brought a wrongful death suit against Bennett, Bowles, and KFS, Inc., the owner of the semi, alleging that Bennett and Bowles were negligent. On June 16, 1997, Bowles and KFS, Inc., filed a motion for summary judgment, which the trial court granted on November 19, 1998. Bennett filed a motion for summary judgment on December 8, 1998, which the trial court also granted on July 14, 1998. From these judgments, appellant has filed an appeal, raising three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE DEFENDANTS' BOWLES AND KFS, INC. [SIC] MOTION FOR SUMMARY JUDGMENT BY FINDING THAT THE DEFENDANT BOWLES OWED NO DUTY TO THE PLAINTIFF'S DECEDENT.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE DEFENDANT BOWLES' AND KFS, INC'S [SIC] MOTION FOR SUMMARY JUDGMENT BY DISREGARDING THE DOCTRINE OF LAST CLEAR CHANCE.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONCLUDING THAT DEFENDANT BENNETT OWED NO DUTY TO PLAINTIFF'S DECEDENT.
In his first and third assignments of error, appellant challenges the decision of the trial court to grant summary judgment in favor of appellees. For purposes of clarity, we will address these assignments of error concurrently.
It is appropriate for a trial court to grant summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.Id.; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
In this case, appellant claims that the negligence of appellees caused the death of Higgins. It is rudimentary that a claim of negligence requires the plaintiff to show the existence of a duty, a breach of that duty, and an injury resulting proximately from the breach. Menifee v. Ohio Welding Products
(1984), 15 Ohio St.3d 75, 77.
Although a duty may be established by common law or a legislative enactment, Eisenhuth v. Moneyhon (1954), 161 Ohio St. 367, paragraph one of the syllabus, whether a duty exists depends on the foreseeability of the injury. Menifee,15 Ohio St.3d at 77. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result for the performance or non-performance of an act." Id. The foreseeability of the injury usually depends on the defendant's knowledge. Id. In determining whether a reasonably prudent person would have perceived the risks of injury, "only those circumstances which they perceived, or should have perceived, at the time of their respective actions should be considered." Id.
Generally, a motor vehicle has the right to proceed uninterruptedly in a lawful manner in the direction in which it is traveling in preference to any vehicle or pedestrian approaching from a different direction into its path. R.C. 4511.01(UU)(1). Pedestrians crossing a roadway at any point other than within a marked crosswalk must yield to this preferential right of way of vehicles. R.C. 4511.48(A). A driver need not look for pedestrians or vehicles violating his right-of-way. See Deming v.Osinki (1970), 24 Ohio St.2d 179, 180-81 (rejecting the notion that drivers in the right-of-way must "look, look effectively and continue to look and remain alert"). However, the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right-of-way upon discovering a dangerous or perilous situation. Id.; R.C. 4511.48(E); Hawkins v. Shell (June 4, 1998), Cuyahoga App. No. 72788, unreported; Markley v. Knutson
(Sept. 26, 1996), Marion App. No. 9-96-29, unreported.
In this case, it is undisputed that the vehicles driven by Bennett and Bowles were in the right of way. Appellant has offered no evidence that either driver operated their motor vehicle in violation of any law or ordinance. It is undisputed that both drivers were operating their vehicles within the legal speed limit at the time of the accident. The record is devoid of any traffic citations issued to either driver. Since Bennett and Bowles had the right to proceed uninterruptedly in their respective paths of travel of State Route 73, whether summary judgment is appropriate depends on whether they failed to exercise due care to avoid colliding with Higgins.
Bennett was operating the first vehicle that hit Higgins. Bennett stated that she saw Higgins only a split second before the impact. Bowle's testimony was that he only saw Bennett's car immediately before it struck Higgins. It is uncontroverted that Bennett was unable to swerve or apply the brakes in order to avoid striking Higgins. There is no evidence that Bennett noticed Higgins in time to anticipate or perceive any risk of injury to Higgins.
Yet, appellant contends that Bennett was aware of her presence because the accident report notes that she stated, "I saw her walking * * *. She was in my car [sic] on the left, that's all I can say." However, Bennett's statement in the accident report provides no proof that she was aware of Higgins in time to avoid the accident.
In addition, appellant points to the opinion of his accident reconstruction expert who basically concluded that if Bennett had "been looking effectively to the east and observe[d] Ms. Higgins" she would have had ample time to slow or even stop her vehicle. Yet, the opinion of the expert provides no support for a claim of negligence, especially since drivers with the right of way have no duty to keep an "effective look out" for those violating his right of way. See Deming, 24 Ohio St.2d at 180-181.
Negligence is never presumed, it must be proven. Biery v.Pennsylvania RR. Co. (1951), 156 Ohio St. 75, paragraph two of the syllabus. "In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." Id. Therefore, the fact that a vehicle hits an individual on a roadway does not establish negligence. Dixon v.Nowakowski (Aug. 27, 1999), Lucas App. No. L-98-1372, unreported. In the absence of foreseeable injury or any material proof of negligence, we find that the trial court correctly concluded that Bennett did not violate any duty of care toward Higgins.
After the impact with Bennett's vehicle, Higgins collided with the semi driven by Bowles almost instantaneously. Appellant asserts that sufficient facts exist tending to demonstrate that Bowles breached a duty of care toward Higgins. Appellant's expert opines that Bowles should have slowed or stopped his vehicle to avoid the accident even though Bowles observed Higgins safely leave his westbound lane in which he was traveling. The expert further asserts that Bowles should have slowed to prevent Higgins from being "sucked underneath the rear trailer" by the draft of the passing vehicle.
Although Bowles decelerated the semi when he first observed Higgins, Bowles had no time to swerve or stop when the impact of the first collision propelled Higgins into his path of travel. It is undisputed that Higgins safely crossed over the centerline and out of Bowles' lane of travel. Bowles did not notice Bennett's car until immediately before the first impact. Bowles could not have foreseen or anticipated that Higgins would be thrown into his lane by an impact with another vehicle. Contrary to appellant's assertion, Bowles had no duty to decelerate the semi further or even stop it in the middle of the road when there was no perilous condition in his right-of-way prior to the first impact. The possibility of injury due to the draft of the passing trailer is irrelevant, as it is undisputed that Higgins collided with the front of the semi. In the absence of evidence demonstrating that this accident was reasonably foreseeable, we find that the trial court correctly determined that Bowles and his employer, KFS, Inc., violated no duty of care towards Higgins.[1]
In this case, Higgins failed to comply with the provisions of R.C. 4511.46(B) which prohibit a pedestrian from leaving a point of safety and walking into the path of a vehicle. Further, Higgins violated R.C. 4511.48(A) which states that
 Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway.
Failure to comply with a legislative enactment designed to prevent accidents or perilous situations is negligence per se. SeeEisenhuth, 161 Ohio St. 367 at paragraph two of the syllabus;Wolfe v. Baskin (1940), 137 Ohio St. 284, 296; Prosser and Keaton, Law of Torts (5 Ed. 1984) 231, Section 36. Since R.C.4511.46(B) and 4511.48(A) both provide, at a minimum, for the safety of pedestrians, Higgins is negligent per se for failing to comply with them.
"Where one party is negligent per se and there is no evidence of any negligence on the part of the other party, there is nothing to submit to a jury." Copas v. McCarty (Aug. 26, 1985), Clinton App. No. CA85-03-005, unreported, at 3-4. Therefore, we conclude, after construing the evidence most strongly in favor of appellant, no genuine issue of material fact remains for trial. We further find that reasonable minds can come but to one conclusion and that conclusion is adverse to appellant.
We recognize that this was a tragic accident that resulted in the loss of life. However, the trial court properly granted appellees' motions for summary judgment. Appellant's first and third assignments are overruled.
In his second assignment of error, appellant argues that the trial court erred in granting summary judgment to Bowles and KFS, Inc. because it disregarded the "doctrine of last clear chance." Negligence characterized as "last clear chance" under common law has no separate existence since the enactment of R.C. 2315.19, Ohio's comparative negligence statute. Mitchell v. Ross (1984),14 Ohio App.3d 75, paragraph one of the syllabus. The intent of the General Assembly in enacting the comparative negligence statute "was to impose liability upon the party whose negligence was greater, rather than the party whose negligence was last in time." Id.
The doctrine of last clear chance is a nullity in Ohio, and appellees Bowles and KFS, Inc. were not negligent as a matter of law. Appellant's second assignment of error is overruled.
POWELL, P.J., and YOUNG, J., concur.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clinton County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge
William W. Young, Judge
Anthony Valen, Judge
[1] Appellant also notes that all but one of the trailer's brakes were out of adjustment, although it is unclear whether the maladjustment existed prior to the accident. In addition, appellant alleges that Bowles was unfit to drive the semi because his medical card had expired. Since we have determined that Bowles did not violate a duty of care towards Higgins, it is not necessary to determine whether these facts have any causal relationship to the harm suffered by Higgins.