[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Krista Clark appeals the judgments entered against her in accordance with the verdicts returned in a jury trial. The litigation arose from two auto accidents that occurred on different dates. In the case numbered A-0004931, the original complaint was filed by plaintiff Brian Demeyer as a result of an accident that occurred on August 26, 1998, on Ruskin Avenue. Demeyer, who was a passenger in a auto driven by defendant-appellant Krista Clark, sued Clark and defendant-appellee Matthew R. Roberts, the driver of the other vehicle involved in the accident. Subsequently, the parties filed other claims against one another.
{¶ 3} In the case numbered A-0005275, the original complaint was filed by Clark as a result of an accident that occurred on August 7, 1999, on Colerain Avenue. On this occasion, Demeyer was driving Clark's auto, with Clark as a passenger, when defendant Bradley L. Lusby, in an attempt to leave an intersection, shifted into reverse and collided with the Clark auto. Subsequently, the parties filed other claims against one another. Clark eventually settled with Lusby and, therefore, dismissed with prejudice her claims against him.
{¶ 4} At trial, the jury returned a verdict in favor of Clark against Roberts for $1,500, but found Clark to have been thirty percent at fault in the Ruskin Avenue accident. The jury also returned a verdict in favor of Clark's passenger, Demeyer, against both Clark and Roberts for $3,700. Of this amount, Clark's thirty-percent share and Roberts's seventy-percent share were $1,110 and $2590, respectively. Court costs were assessed against Clark and Roberts in the same percentages.
{¶ 5} On appeal, Clark raises three assignments of error. In the first assignment, Clark contends that the trial court erred in overruling her motions for a directed verdict and for judgment notwithstanding the verdict on the issue of liability. In the second assignment, Clark contends that the trial court erred in overruling her motion for a new trial on the issue of liability, because the jury's verdict was against the manifest weight of the evidence. Clark, rather than presenting a separate argument in this assignment, instead, refers us to her argument under the first assignment: that the driver of a motor vehicle who has the right of way has the right to travel uninterruptedly and has no duty to look for or anticipate other drivers violating her right of way. In the third assignment, Clark contends that the trial court abused its discretion in overruling her motion for a new trial on damages, because the award of damages was inadequate and the jury's verdict was against the manifest weight of the evidence.
{¶ 6} We address the second assignment of error first. On a motion for a new trial based upon the weight of the evidence, the trial court's decision is discretionary and is concerned with whether a manifest injustice has occurred.[1] To the extent that Clark is challenging the assessment of liability on the basis of a finding that she had a duty to look out for the other vehicle, we must consider the instructions given to the jury. "A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights."[2]
{¶ 7} In this case, the trial court instructed the jury, in part, as follows: "The Parties, ladies and gentlemen, both drivers, are required to use ordinary care to discover and avoid danger. A person is negligent if he or she looks but does not see that which would have been seen by a reasonably cautious, careful person, prudent person under the same or similar circumstances."
{¶ 8} We have previously remanded a case[3] for a new trial where substantially the same instruction was given on the basis of the Ohio Supreme Court's decision in Deming v. Osinski.[4] In Deming, the court held that a person with the right of way, proceeding in a lawful manner, has no duty to look since he or she possesses an unqualified right to assume that a person approaching from another direction will yield.[5] In the present case, the instruction given by the trial court on the duty to look did not make any distinction between a party with the right of way and one without. Rather, the instruction imposed an equal duty to look on both parties, thus creating the false impression that Clark was under a duty to look even if Roberts turned suddenly into Clark's lane and violated her right of way. The Ohio Revised Code defines "right of way" as "the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle * * * approaching from a different direction into its or the individual's path."[6]
{¶ 9} The record shows that on August 26, 1998, the accident occurred when Roberts attempted to make a right turn from Van Cleve onto Ruskin Avenue at the same time that the automobile driven by Clark approached the same intersection on Ruskin when the collision occurred. Demeyer was the front passenger in Clark's auto at the time. Clark had
not yet reached the stop sign located on her side of the intersection, but was within several feet of it, when her auto was struck on the driver's side, just ahead of the passenger compartment, by the front left portion of Roberts's truck. The trial testimony and the exhibits, including photographs, showed that Roberts's truck struck Clark's auto while her auto was in its lane, close to the right curb. Roberts testified that he had been unable to see anything around a blue van that blocked his view, but commenced his turn anyway under the assumption that there was nothing on the other side of the van. He further testified that he was unable to timely put his truck in reverse, although he tried to apply his brakes. When shown one of the photographs at trial, he agreed that his truck's front wheels were lined up in the same direction as the rear wheels and that none of the truck wheels have been turned to the right.
{¶ 10} It is apparent that the portion of the trial court's instructions that placed upon both parties a general, unqualified "duty to look," regardless of which party had the right of way, was prejudicial to Clark and reversible error as a matter of law.[7] We conclude that the trial court improperly instructed the jury on the duty to look, and that because this instruction "probably misled the jury in a matter substantially affecting the complaining party's substantial rights," a new trial was warranted.[8] The second assignment of error is, accordingly, well taken. We do not address Clark's remaining assignments of error because they have been rendered moot by our resolution of the second assignment.
{¶ 11} Therefore, we reverse the judgments of the trial court and remand this case for a new trial.
{¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] See Rohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685.
[2] Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202,208, 560 N.E.2d 165.
[3] See Roehm v. Cramer (Dec. 31, 1998), 1st Dist. No. C-980009.
[4] (1970), 24 Ohio St.2d 179, 265 N.E.2d 554.
[5] See Roehm, supra, citing Deming v. Osinski (1970), 24 Ohio St.2d 179,265 N.E.2d 554.
[6] R.C. 4511.01(UU)(1).
[7] See Roehm, supra.
[8] See Pesek v. Univ. Neurologists Assn., Inc., 87 Ohio St.3d 495,499, 2000-Ohio-483, 721 N.E.2d 1011, citing Becker, supra, at 208,560 N.E.2d 165.