OPINION
{¶ 1} Appellant Sandra Fields ("Appellant") appeals the decision of the Knox County Court of Common Pleas that granted a motion for summary judgment filed by Appellee Larry Snodgrass ("Appellee"). The following facts give rise to this appeal.
 {¶ 2} The incident resulting in this lawsuit occurred on August 8, 2003, in the Wal-Mart parking lot, on Coshocton Avenue, in Mount Vernon. Appellee stopped at Wal-Mart in order to purchase soft drinks for a weekend camping trip to Alum Creek State Park. Appellee entered the parking lot and pulled his truck and camper straight into a parking space. The truck and camper occupied two parking spaces, front and back, and were parked within the designated spaces in the parking lot.
 {¶ 3} Upon completion of his purchases, appellee placed the soft drinks in the refrigerator of his camper. Thereafter, appellee exited the camper, locked the door and continued up the side of the camper to the area between the truck and the camper in order to check the hitch. After establishing that the hitch connection was secure, appellee entered his truck. Once inside the truck, appellee buckled his seatbelt, checked the gas gauge, put his foot on the brake, put the truck in drive, checked left and right to make sure his intended direction of travel was clear and advanced forward out of the parking space.
 {¶ 4} Appellee advanced about one foot before the truck and camper came to a stop. Appellee placed his foot on the brake and saw appellant waving her arms. Appellee placed the truck in park and exited the vehicle. Upon doing so, he discovered that as he was pulling out of the parking space, appellant was attempting to enter her vehicle. Although appellant yelled for appellee to stop his truck and attempted to remove her body from the path of the trailer, the trailer pinned appellant's wrist against the driver's side door of her vehicle. As a result of the accident, appellant received treatment at the Knox Community Hospital.
 {¶ 5} Following the accident, appellant began experiencing pain and loss of movement in her hand. Appellant also suffered numbness in her fingers and could not fully extend some fingers. Doctors determined the accident damaged appellant's carpal median nerve. Although appellant underwent surgery to address the injury, she continues to experience accident-related limitations in the use of her hand.
 {¶ 6} As a result of this injury, appellant filed a lawsuit on June 30, 2004, asserting a claim of negligence. Appellant sought to recover for personal injuries sustained, hospital and medical expenses, lost earnings, pain and suffering and loss of enjoyment of life. Thereafter, appellee filed a motion for summary judgment on October 17, 2005. On December 19, 2005, the trial court granted appellee's motion for summary judgment finding no evidence that appellee was negligent. The trial court also found that appellee breached no duty owed to appellant and that he had a right to proceed uninterruptedly out of the parking space.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT INCORRECTLY FOUND APPELLEE OWED NO DUTY TO LOOK IN HIS REARVIEW/SIDEVIEW MIRRORS TO SEE IF APPELLANT WAS PRESENT PRIOR TO APPELLEE PULLING HIS AUTO AND TRAVEL TRAILER OUT OF PARKING SPACES IN A WAL-MART PARKING LOT."
 Summary Judgment Standard {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 12} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 13} In her sole assignment of error, appellant maintains the trial court erred when it granted appellee's motion for summary judgment and determined appellee owed no duty to look in his rearview/sideview mirrors prior to pulling his truck and camper out of a parking space. We disagree.
 {¶ 14} It is well-settled that the elements of an ordinary negligence suit between private parties are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury resulting proximately therefrom. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. Appellant's assignment of error focuses on the element of duty and whether appellee had a duty to check his mirrors prior to pulling his truck and camper forward out of a parking space.
 {¶ 15} The existence of a duty is a question of law for the court to determine. Id. "`Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff.'" Wallace v. Ohio Dept.of Commerce, Division of State Fire Marshal, 96 Ohio St.3d 266,2002-Ohio-4210, at ¶ 23, citing Commerce Industry Ins. Co. v.City of Toledo (1989), 45 Ohio St.3d 96, 98. According to the Ohio Supreme Court, "* * * the existence of a duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied." Id., citing Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 16} In the case sub judice, appellant contends Ohio motorists have a legal duty to keep a lookout in front of, to the sides of, and to the rear of their vehicles. Appellant further maintains this duty to look occurs when motorists are traveling in areas where they may expect pedestrians, such as a Wal-Mart parking lot. In support of this argument, appellant references the following cases: Knipschield v. Cleveland Inst. of Art
(Mar. 11, 1994), Cuyahoga App. No. 65626; Krenning v. SmythAutomotive, Inc., Clermont App. No. CA83-10-085; and MichiganMiller's Mut. Ins. Co. v. Christian, 153 Ohio App.3d 299,2003-Ohio-2455.
 {¶ 17} Having reviewed these cases, we find they do not support appellant's argument regarding the duty to look. In theKnipschield case, the defendant ran over the plaintiff, as he was backing out of a parking space, while she was bent over tying her shoe. Id. at 1-2. After the defendant felt his truck raise up and back down, he stopped and noticed a bystander waiving his arms. Id. at 1. Plaintiff thought the bystander was directing him to pull forward, which he did, thereby running over the plaintiff a second time. Id. Appellant cites this case for the proposition that drivers have a duty to observe not only what is in front of their vehicle but to the side and rear as the circumstances warrant. Id. at 3.
 {¶ 18} On appeal, the Eighth District Court of Appeals found a material issue of fact existed with respect to whether the defendant exercised reasonable care in driving over plaintiff a second time. Id. Specifically, the court stated as follows:
 {¶ 19} "Appellee's [defendant's] own affidavit indicates that after backing his truck into the driving aisle and feeling his truck raise up and down, he `looked over my right shoulder to see what I had hit.' Appellee [defendant] also observed Mr. Sharron waiving his arms. Nonetheless, appellee [defendant] drove back into the parking space and ran appellant [plaintiff] over a second time. Thus appellee's [defendant's] own affidavit raises a genuine issue of material fact concerning whether appellee [defendant] exercised reasonable care in driving his truck back into the parking space and running over appellant [plaintiff] a second time." Id. at 4.
 {¶ 20} Thus, the court of appeals determined the defendant was not negligent when he initially backed over the plaintiff because as he approached his truck, he noticed no obstructions or persons in the area directly behind his truck. Id. Further, the defendant checked over his right shoulder, checked his rear view mirror and checked his driver-side mirror for any obstacles or persons in the vicinity. Id. However, the Eight District Court of Appeals found a question of material fact existed concerning whether the defendant used due care when he backed over the plaintiff a second time.
 {¶ 21} Although we agree with the general statement of the law set forth by the Eighth District Court of Appeals regarding a driver's duty to observe as the circumstances warrant, we find the Knipschield case factually distinguishable from the case sub judice. As noted above, prior to leaving the parking space at Wal-Mart, appellee observed both left and right before pulling forward out of the parking space. The defendant in theKnipschield case did the same prior to backing out of the parking space. The question of material fact regarding the defendant's negligence, in Knipscheld, arose only after the defendant backed over the plaintiff a second time. That did not occur in the case sub judice. Once appellee's truck and camper stopped, appellee did not attempt to back into the parking space again. Rather, he exited the truck to investigate the problem. This distinction is relevant in deciding the issue of negligence.
 {¶ 22} The next case relied upon by appellant is Krenning,
supra. In Krenning, the defendant struck a mentally handicapped individual that was attempting to cross the street from a bus that he had just exited. Id. at 1. The bus driver checked her mirrors and motioned for the plaintiff to cross the street. Id. After the plaintiff began crossing the street, the bus driver saw a pickup truck, operated by the defendant, in her left outside rear-view mirror. Id. The pickup truck struck the plaintiff causing multiple injuries. Id. at 2.
 {¶ 23} Appellant cites this case for the proposition that an individual satisfies a duty to look by checking mirrors to observe dangerous or perilous situations. Id. at 5. Again, we find the Krenning case distinguishable from the facts of the case sub judice. Krenning did not involve a person pulling forward out of a parking space. Rather, it concerned the use of outside rear-view mirrors while assisting a mentally handicapped person to cross the street. The Twelfth District Court of Appeals made the statement relied upon by appellant in the context of whether the bus driver was required to exercise a high degree of care for the plaintiff's safety as he crossed the street. The court of appeals stated, "* * * the evidence indicates that she [the bus driver] checked her mirrors at least twice before nodding to Krenning, and it is certainly possible that the jury could have found that Nole's [the bus driver's conduct] fulfilled CART's [bus company's] duty. Id. Thus, the statement of law relied upon by appellant references the issue of whether the bus driver's conduct fulfilled the bus company's duty owed to plaintiff.
 {¶ 24} The next case relied upon by appellant is MichiganMillers Mut. Ins. Co., supra. Appellant cites the following language in that case: "* * * by checking his mirror prior to beginning his turn and properly beginning his turn and properly activating an effective light signal prior to beginning his turn, [defendant] breached no duty owed to [plaintiff]. Id. at 308. This cited language is quoted from the appellant's Second Assignment of Error in the case. It is not the trial court's language. Further, this case is factually distinguishable because it concerns the use of an audible signal prior to passing.
 {¶ 25} Finally, appellant maintains the trial court's decision conflicts with the Ohio Supreme Court's decision inDeming v. Osinski (1970), 24 Ohio St.2d 179. The Deming
decision contains the following language relied upon by appellant: "`Ordinarily one need not look for danger unless there is the reason to expect it. * * *'" Id. at 180. This is not the Ohio Supreme Court's language, instead, it is language contained in the trial court's judgment entry ruling upon the plaintiff's motions for judgment notwithstanding the verdict and new trial. Id. Further, this case involves a motorcycle/vehicle collision and whether the trial court properly instructed the jury on contributory negligence. Accordingly, this decision is not relevant to our analysis.
 {¶ 26} Appellee responds with several arguments. First, appellee states that motorists within a private parking lot owe a duty of ordinary care and the mere fact that a driver hits someone does not establish negligence. Franklin v. Reed (Aug. 22, 1996), Cuyahoga App. No. 69800, at 2, citing Tomlinson v.Cincinnati (1983), 4 Ohio St.3d 66, 69. Second, appellee argues that, under Ohio law, a motorist with a right of way has an absolute right to proceed uninterruptedly in the direction in which he or she is moving. Morris v. Bloomgren (1933),127 Ohio St. 147, paragraph one of the syllabus; Deming, supra, at 180. Third, appellee maintains a driver need not look for vehicles or pedestrians violating his right-of-way. Lumaye v. Johnson
(1992), 80 Ohio App.3d 141, 144. Finally, appellee contends it is only when a dangerous condition is discovered that a driver must exercise due care to avoid a collision. Morris, supra, at paragraph five of the syllabus.
 {¶ 27} Based upon the above cited case law, appellee concludes he did not have a legal duty to look behind him prior to pulling forward out of the parking space. Further, appellee contends he had a right to proceed uninterruptedly, within his marked parking space, as he pulled forward. We agree with appellee's arguments and find the trial court properly granted his motion for summary judgment. An operator of a motor vehicle in a private parking lot has the common-law duty to act reasonably under the circumstances. Lennerth v. Aceto (Dec. 2, 1999), Cuyahoga App. No. 75285, at 3. The evidence in the record establishes that appellee acted reasonably as he pulled forward out of the parking space.
 {¶ 28} Appellee looked left and right to make sure his intended direction of travel was clear before taking his foot off the brake. Depo. of Larry Snodgrass at 11. At all times prior to and subsequent to the accident, appellee was located within his parking space. Id. at 14. At the time of his inspection of the trailer hitch, appellee noted there were no obstructions which would prevent him from pulling forward. Id. at 15. Further, appellee estimated that he had approximately twelve inches from the side of his camper to the edge of his parking space. Id. at 14. However, most importantly in our analysis is the fact that appellant admitted that her car door crossed the line marking her parking space and that it entered the parking space in which appellee's truck and camper were located. Depo. of Sandra Fields at 33. Appellant's car door was in appellee's parking space when she was hit. Id. at 40. Finally, appellant admitted that she was hit because her car door and hand were in appellee's parking space. Id. at 41.
 {¶ 29} Based upon the above, we conclude the trial court properly granted appellee's motion for summary judgment because appellee acted reasonably, under the circumstances, as he pulled forward out of the parking space.
 {¶ 30} Appellant's sole assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs assessed to Appellant.